In the Matter of the Claim of John Honeoszyn, Respondent, against Abraham Yarmark and Vincent Morreale, Respondents, and Phœnix Indemnity Company, Appellant. State Industrial Board, Respondent.— Awards were made to the claimant herein covering the period from February 20, 1937, the date following the accident, to January 1, 1938, against the employer as a non-insurer, and the Phœnix Indemnity Company was released from liability. The claimant-employer objected and the matter was placed on the Board calendar and the decision was reversed until the case of Miller v. Yarmark and Morreale was heard by the Appellate Division. The Appellate Division dismissed the appeal in the Miller case [260 App. Div. 835] for the reason that no payment of compensation could be allowed, since disability did not exceed seven days. This case was then placed on the Board calendar and the evidence in the Miller case was stipulated as evidence in this case and further evidence was added. It appears that Morreale and Yarmark had been in business as building contractors and had a mutual interest and that Yarmark was indebted to Morreale for some money in October, 1936, at which time Yarmark acted for Morreale in the making of a contract to alter a building located at 46 Forsythe street, New York city. The contract was let to Morreale and the arrangement between the two was that Yarmark would execute the contract and that the profits therefrom would be divided equally between them and that the amount received by Morreale would be credited against Yarmark's indebtedness. The job was started October 2, 1936. The Phœnix Indemnity Company issued a policy of workmen's compensation to Morreale for the period from June 11, 1936, to June 11, 1937, covering all of his work in the State of New York. It issued to Morreale for filing with the building department of the city of New York a certificate of insurance for the Forsythe street operation. After receiving notice of the accident in the Miller case the carrier learned of and investigated the arrangement of the Forsythe street job. An audit of Morreale's payroll for the period from June 11, 1936, to December 25, 1936, was thereafter made which included the wages on the Forsythe street job and a bill was rendered. A second audit was made in April which left out the Forsythe street job. The deposit premium was more than sufficient to pay the earned premium up to the date of the first audit, January 29, 1937, which included the wages paid on the Forsythe street job. The carrier had investigated and knew of the arrangement covering the Forsythe street job and the policy was thereafter continued in force. Such action on the part of the carrier indicates

the continuing of the policy to accept coverage. In any event the Forsythe street job was covered by Morreale and by the insurance company and the decision of the Industrial Board reforming the policy so as to cover both is affirmed. The evidence substantiates that even without the reformation there was sufficient evidence in the case to warrant that the insurance carrier be held under its policy for the Forsythe street job. Decision unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.